Melissa M. Cowan, Esq.
E-mail: mcowan@bwslaw.com
Keiko J. Kojima, Esq.
E-mail: kkojima@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Telephone:  213.236.0600; Fax:  213.236.2700

Attorneys for Defendant
Hartford Life and Accident Insurance Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BRUNSVIK, LILLIAN BRUNSVIK and DAN ANDERSEN, Executor for THE ESTATE OF BEN BRUNSVIK,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, STONEBRIDGE LIFE INSURANCE COMPANY, UNION FIDELITY LIFE INSURANCE COMPANY, and Does 1 through 50, inclusive<br><br>Defendants. | Case No. 11-CV-00014-AWI-GSA<br><br>**FIRST AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

The parties to this action, by their respective counsel, hereby agree and stipulate to the following protective order in the above-captioned case:

1.  <u>Scope of Order</u>.  The purpose of this Stipulated Protective Order is to protect against the unnecessary disclosure of private, confidential and/or proprietary information by parties and non-parties.  All such documents and information protected by this Stipulated Protective Order will hereafter be referred to as "Protected Information."  The Protected Information shall be used solely in

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4833-9742-0302 v1

- 1 -

CASE NO. 11-CV-00014-OWW-GSA
FIRST AMENDED STIPULATED
CONFIDENTIALITY AGREEMENT AND

1  connection with the litigation and trial of this case, and for no other purpose or in
2  any other case.

3     2.   <u>Definitions</u>.  Materials and information protected by this Stipulated
4  Protective Order shall mean any documents, materials, items, or information
5  designated by Plaintiff, Defendant or any other third party as "Protected
6  Information" and produced in response to a party's requests for production of
7  documents, interrogatories, stipulation, subpoena, motion or deposition.  "Protected
8  Information" is limited to the following categories: (i) Hartford's Life Claims
9  Manual and the Accidental Death and Life Claims Evaluation; (ii) Plaintiff's
10  financial and income information

11     Hartford maintains that protection of documents in Category (i) is required
12  because these proprietary, commercially-sensitive documents pertain to Hartford's
13  internal claims handling guidelines, claim considerations, or procedures.  They are
14  the product of Hartford's experience and expertise in the insurance industry, and are
15  not disseminated to the general public or to Hartford's insureds.  Only Hartford
16  employees are granted access to the Life Claims Manual, which is stored
17  electronically.  Likewise, the Accidental Death and Life Claims Evaluation was
18  prepared for internal use only.  Hartford maintains a confidentiality disclaimer on
19  the portal used to enter the Life Claims Manual that provides in part that it contains
20  proprietary information that is a trade secret and that recipients and users of the
21  manual are to retain the information in strict confidence and may not make copies
22  other than as permitted in writing by a specified department.  The Life Claims
23  Manual and the Accidental Death and Life Claims Evaluation have never been
24  produced absent a protective order or confidentiality agreement.

25     Plaintiff maintains that protection of documents in Category (ii) is required
26  because his financial and income information is private and confidential.  The
27  Court, pursuant to its November 21, 2011 order on Plaintiff's motion to quash
28  subpoenas to his financial institutions, has ordered the parties to enter into a

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4833-9742-0302 v1

- 2 -

CASE NO. 11-CV-00014-AWI-GSA
FIRST AMENDED STIPULATED
CONFIDENTIALITY AGREEMENT AND

protective order which address Plaintiff's privacy concerns.

Each party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualified under the appropriate standard. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

The parties assert that the "Protected Information" should be protected by a Court order rather than by a private agreement because the entry of a protective order would carry the weight of the Court's imprimatur and authorize the exercise of its contempt power over any potential violations of this protective order. A private agreement between the parties would not serve to fully protect the confidential nature of the "Protected Information" from unwarranted disclosure, would not be as strong of a deterrent against such disclosure, and would not provide sufficient remedies in the event of disclosure.

3. <u>Category of Protection</u>. There shall be only two categories of protection. Documents or other material may be designated as "Protected Information" by a party or a producing nonparty if they contain information of the type referred to in Paragraph 2 of this Stipulated Protective Order. Protected Information may not be photocopied, reproduced or duplicated in any manner, whether in hard copy or electronic format, subject to the explicit exceptions contained in this Order.

4. <u>Qualified Persons</u>. Protected Information as designated above shall be used only for the purposes of conducting this litigation and shall be disclosed only to "Qualified Persons" which, as used herein, shall mean: (a) The parties to this action; (b) counsel of record for the parties; (c) any person regularly employed by

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4833-9742-0302 v1

- 3 -

CASE NO. 11-CV-00014-AWI-GSA
FIRST AMENDED STIPULATED
CONFIDENTIALITY AGREEMENT AND

such counsel, including legal assistants, secretaries, law clerks, investigators, associates and contract attorneys; (d) actual or prospective experts and consultants retained or consulted by a party or a party's counsel in the course of this action; (e) any potential deposition and trial witnesses; (f) any professional vendors or other persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium and there employees and subcontractors); (g) any private mediator or other ADR professional retained or selected by the parties to assist in the resolution of the matter; (h) the court and court personnel; and (i) any person to whom Hartford provides the its own Protected Information designated under Category (i) for its own purposes, with its consent, or through court order is designated as a "Qualified Person" only as to Hartford's own Protected Information designated under Category (i).  These persons shall not disclose, discuss or reveal the contents or existence of the Protected Information or the actual Protected Information itself to any other person or entity not specifically described in this paragraph.

5.   Use and Dissemination of Protected Information.  Information designated as "Protected Information" shall not be disclosed or made available by the receiving party or third party to anyone other than a Qualified Person.  Only Qualified Persons may photocopy, reproduce or duplicate Protected Information for their own use, or for the use of another Qualified Person.  No disclosure shall be made to any person pursuant to Paragraph 4(d), 4(e) 4(f) or 4(g) until such person has executed either this agreement or a written Non-Disclosure Order in the form attached hereto as Exhibit "A."

6.   Disclosure to Third Parties.  Persons to whom access to Protected Information is given pursuant to this Agreement and Order shall keep such Protected Information and any copies, extracts, summaries, notes or descriptions thereof secure in accordance with the purposes and intent of this Agreement and

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4833-9742-0302 v1

- 4 -

CASE NO. 11-CV-00014-AWI-GSA
FIRST AMENDED STIPULATED
CONFIDENTIALITY AGREEMENT AND

Order and shall adopt and employ all suitable precautions to ensure continued confidentiality, non use and non disclosure.

7. <u>Party's Right To Use Information</u>.  Nothing in this Order shall prevent a party from using its own Protected Information in any manner it sees fit or from revealing its own Protected Information to a person other than those designated in Paragraph 4 as a qualified person without prior consent of any other person, entity or this Court.

8. <u>Rights Preserved</u>.  Nothing in this Order shall be deemed to preclude any party or third party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information. Nor shall any provision of this order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated (in the manner specified in Paragraph 9 below), or from requesting the Court to amend or modify this Order with respect to any particular matter.  Nothing in this Order shall be deemed a waiver of any party's right to object to the admissibility of any documents produced pursuant to this Stipulated Protective Order at trial or any other court proceeding on the of relevance, materiality, privilege, overbreadth or any other recognized objection to discovery.

9. Objections to Designation.  A party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if not change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.  A party that elects to press a challenge to a confidentiality designation after considering the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4833-9742-0302 v1

- 5 -

CASE NO. 11-CV-00014-AWI-GSA
FIRST AMENDED STIPULATED
CONFIDENTIALITY AGREEMENT AND

1  justification offered by the Designating Party may file and serve a motion that
2  identifies the challenged material and sets forth in detail the basis for the challenge.
3  Each such motion must be accompanied by a competent declaration that affirms
4  that the movant has complied with the meet and confer requirements imposed in the
5  preceding paragraph and sets forth with specificity the justification for the
6  confidentiality designation that was given by the designating party in the meet and
7  confer dialogue.

8  　　　　10.　Filing Under Seal.  In the event a party wishes to use any Protected
9  Information in any affidavits, briefs, memoranda of law, or other papers filed in
10 Court in this litigation, such Protected Information must be of the type set forth in
11 Paragraph 2 and 3 of this Stipulated Protective Order and must satisfy the criteria
12 set forth in Local Rule 141.  The party wishing to file such Protected Information
13 shall request that the Court recognize the information as "Protected Information"
14 and shall fully comply with all rules and procedures set forth by Fed. R.Civ.P. 5.2,
15 26 and Local Rule 141 and any other applicable rules governing the request to file
16 documents under seal.

17 　　　　11.　Consent to Disclosure.  Nothing shall prevent disclosure beyond the
18 terms of this Stipulated Protective Order if all parties consent to such disclosure.
19 Specifically, if and to the extent any party wishes to disclose any Protected
20 Information beyond the terms of this Stipulated Protective Order, that party shall
21 provide the other party with reasonable notice in writing of its request to so disclose
22 the materials.

23 　　　　12.　Inadvertent Disclosure.  The inadvertent production or disclosure of
24 any Protected Information (including physical objects) to the receiving party shall
25 not constitute a waiver of the attorney-client privilege or work product immunity if
26 the producing party sends to each receiving party a request for return of any such
27 inadvertently produced documents to the producing party within 30 days.  Upon
28 receiving such a request by the producing party, the receiving party immediately

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4833-9742-0302 v1

- 6 -

CASE NO. 11-CV-00014-AWI-GSA
FIRST AMENDED STIPULATED
CONFIDENTIALITY AGREEMENT AND

shall return to the producing party all copies of such documents, or shall immediately confirm in writing that all electronic copies of the documents have been deleted from electronic records and all paper copies of the documents have been destroyed.  Upon a reasonable request by the receiving party as to whether a document was inadvertently produced, the producing party shall have fifteen calendar days to respond.  The producing party's response shall: (1) state whether the document was or was not inadvertently produced, (2) if applicable, designate the document as within the attorney-client privilege or work product immunity, and (3) state whether return of the document is requested. In the event the receiving party challenges the propriety of the attorney-client privilege or work product immunity designation, the party asserting privilege may file an appropriate motion with the Court.  In such a motion, the burden of establishing privilege shall remain on the party asserting the privilege.  If a document or information has been used during a deposition, used at a hearing, identified in a pleading filed with the Court, identified in a pretrial order or interrogatory response, identified for use at trial, or disclosed to the Court, no claim of inadvertent production may be made unless such claim is made within fifteen (15) calendar days of such use, identification or disclosure.

13. <u>Court Retains Final Authority</u>.  The Court retains final authority to determine what is or is not "Protected Information" as defined by Paragraph 2 and 3 of this Stipulated Protective Order and to remove the "Protected Information" designation from any document governed by this Stipulated Protective Order as necessary to protect the public interest.  Further, and notwithstanding any provisions stated in Paragraph 10, should the Court determine that documents may not be filed under seal, parties are permitted to file documents containing Protected Information without limitation.

14. <u>Conclusion of Litigation</u>. Within sixty (60) days after the termination of this litigation and any appeal thereof, all Protected Information produced by a

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4833-9742-0302 v1

- 7 -

CASE NO. 11-CV-00014-AWI-GSA
FIRST AMENDED STIPULATED
CONFIDENTIALITY AGREEMENT AND

party or third party, including originals and copies (including electronic copies), that are in the possession of any of the persons who are Qualified Persons pursuant to Paragraph 4, except those in subparagraph 4(h), shall be returned to the producing party or third party, except as this Court may otherwise order. Following termination of this litigation, the provisions of this Order relating to the confidentiality of Protected Information shall continue to be binding, except with respect to documents and information which are no longer Protected Information. This Court retains jurisdiction over all persons provided access to Protected Information for enforcement of the provisions of this Order following termination of this action and the final conclusion of this action.

15.   <u>Violation of Order</u>.  Willful violation by any person of any provision of this Order may be punishable as contempt of Court.  Further, any party hereto may pursue any and all civil remedies available to him or it for breach of the terms of this Order.

16.   This Stipulated Protective Order shall be effective and enforced according to its terms from and after entry of the Order by this Court.

DATED:  November 28, 2011         WILKINS, DROLSHAGEN & CZESHINSKI LLP

By: *s/James H. Wilkins*
*as authorized on 11/28/11*
JAMES H. WILKINS
Attorney for Plaintiffs
Gary Brunsvik, Lillian Brunsvik and Dan Andersen, Executor for The Estate of Ben Brunsvik

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4833-9742-0302 v1

- 8 -

CASE NO. 11-CV-00014-AWI-GSA
FIRST AMENDED STIPULATED
CONFIDENTIALITY AGREEMENT AND

| | | |
|---|---|---|
| 1 | DATED:  November 28, 2011 | BURKE, WILLIAMS & SORENSEN, LLP |
| 2 | | MELISSA M. COWAN |

By: *s/Keiko J. Kojima*
KEIKO J. KOJIMA
Attorneys for Defendants
Hartford Life and Accident Insurance Company

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4833-9742-0302 v1

- 9 -

CASE NO. 11-CV-00014-AWI-GSA
FIRST AMENDED STIPULATED
CONFIDENTIALITY AGREEMENT AND

# **EXHIBIT A**

# **NONDISCLOSURE ORDER**

I _____, have reviewed the First Amended Stipulated Protective Order entered by the Court in *Gary Brunsvik, et al. v. Hartford Life and Accident Insurance Company, et al.*, Case No. 11-CV-00014-OWW-GSA, pending in the United States District Court, Eastern District of California. I have had an opportunity to review it and seek independent counsel about its contents. Having read the First Amended Stipulated Protective Order, understanding its contents, including the obligations and duties it imposes upon me, and agreeing to abide by it, I voluntarily, knowingly, and by my own hand execute this Non-Disclosure Agreement, which obligates me to adhere to the terms of the Stipulated Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

_____

_____
Address

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4833-9742-0302 v1

- 10 -

CASE NO. 11-CV-00014-AWI-GSA
FIRST AMENDED STIPULATED
CONFIDENTIALITY AGREEMENT AND

# **PROTECTIVE ORDER**

The Court has reviewed the instant protective order. The parties' First Amended Stipulated Confidentiality Agreement and Protective Order is adopted and the parties are ordered to comply with the provisions outlined in the agreement.

IT IS SO ORDERED.

Dated:   **November 29, 2011**               **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4833-9742-0302 v1

- 11 -

CASE NO. 11-CV-00014-AWI-GSA
FIRST AMENDED STIPULATED
CONFIDENTIALITY AGREEMENT AND